**ROODMAN ETC., Plaintiff-Appellee, v. CLEVELAND (CITY) ET AL., Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20080. Decided June 26, 1946.

Harrison & Marshman, Cleveland, for Plaintiff-Appellee.

Lee C. Howley, Director of Law, Charles W. White, Asst. Director, Cleveland, for Defendants-Appellants.

HILDEBRANDT, PJ, MATTHEWS and ROSS, JJ, of the First District, sitting by designation in the Eighth Appellate District.

## OPINION

PER CURIAM:

The defendants appeal on questions of law and fact from a decree of the court of common pleas of Cuyahoga County, Ohio, finding against them on the issues presented by the pleadings and the evidence submitted and rendering judgment against them in the sum of $227,725.62, plus interest in the amount of $102,706.32, a total of $440,431.95.

The allegations in the pleadings are lengthy and a statement of all the pertinent facts would require considerable space.

The pivotal question is presented, however, in the pleading of the burden of proof. Only a brief statement of the facts is necessary to present this question.

The City of Cleveland, like other municipalities in this State, is required to contribute to the State Industrial Insurance Fund for Workmen's Compensation coverage for the employees of the city. At regular periods this contribution is assessed against the municipality in a lump sum, which is paid out of the city's general funds.

The City of Cleveland, after payment of such contribution has adopted a policy of charging the several departments of the City upon the basis of a pro rata amount according to the number of employees in each such department.

In certain later years, specially designated by the plaintiff, it appears that the defendants have seen fit to charge certain non-tax supported utilities, particularly those supplying water,

heat and light, at a larger per capita rate than the per capita rate for the city as a whole. That is, the rate charged the utilities is greater than the rate secured by dividing the lump sum paid by the city to the insurance fund by the total number of employees in the city.

Now the plaintiff claims the burden of proof rests upon the city to show that such discrepancy against the utilities is justified.

The defendants claim this burden of proof rests upon the plaintiff to show that the rate charged the utilities is unfair, unreasonable and not justified by the higher risk to employees in the utilities departments.

The evidence fails to show anything except the discrepancy in the basic and utility rate. There is some evidence of conferences between heads of the departments affected, resulting in agreement as to the rate charged the utilities.

The plaintiff, a taxpayer, is applying to a court of equity, seeking relief for the utilities involved.

The claim of plaintiff is based upon the assertion that the provisions of §3959, GC, and the City Charter of Cleveland have been violated, in that the revenue of the utilities has been used for general city purposes, contrary to the inhibition of the enactments mentioned.

There can be no question that such diversion, if it is shown to exist, is a violation of law.

**City of Cincinnati v Boettinger, 105 Oh St 145;**

**Hartwig Realty Co. v City of Cleveland, 128 Oh St 583;**

**City of Lakewood v Rees et al, 132 Oh St 399;**

**City of Niles et al v Union Ice Corp., 133 Oh St 169.**

Certainly, the bare assertion that a diversion exists cannot take the place of evidence showing such diversion.

This Court can take judicial notice that the risk to employees in the several departments of a city is not uniform.

It is obvious that the risk of accident and injury to an employee of the water works department engaged in manual labor and a clerk in the office of the auditor would vary greatly.

In the absence of evidence how may the court, therefore, arbitrarily say that the rate charged the utilities is unreasonable, arbitrary and unjust, and constitutes an unlawful diversion?

This must be the sustained charge of the plaintiff if she would prevail. She is seeking affirmative relief against the defendants.

No principle of law is apparent by which the burden of proof may be caused to shift to the defendants merely upon a showing of the discrepancy in the rates. The mere fact that

the defendants could more easily disprove the charge than the plaintiff could prove it may not be advanced as a reason for a court of equity to modify the burden normally resting upon one who asserts a grievance against a defendant.

In her petition, the plaintiff asserts:

"That rates for the service and products of the divisions of the Department of Public Utilities herein mentioned are in excess of what said rates ought to be, that said rates are fixed on the assumption that the charges for the State Insurance Fund are correct, whereas, they are excessive as herein stated."

This is the charge of the plaintiff but there is no evidence supporting such charge.

The burden of proof, resting upon plaintiff to sustain her claims of discrimination, overcharge, and unlawful diversion of funds from the utilities, and the evidence failing to sustain such claims, the decree must be for the defendants and it is so ordered.

HILDEBRANDT, PJ, MATTHEWS and ROSS, JJ, concur in opinion and judgment.